# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | |
| | Case No. 1:17-bk-32391 |
| NORA LYN HRUSKA | Chapter 7 |
| | Honorable LaShonda A. Hunt |
| Debtor(s) | |

## NOTICE OF MOTION

To:

Benevolent Caregivers, Inc.
611 Parkway Drive
Wheaton, Illinois 60184

Benevolent Caregivers, Inc.
c/o Poznak Law Firm
2001 Midwest Road
Suite 206
Oak Brook, Illinois 60523

PLEASE TAKE NOTICE that on August 14, 2019 at 10:00 a.m., the undersigned will appear before the Honorable Honorable LaShonda A. Hunt at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 719, Chicago, Illinois 60604 and will then and there present **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY** a copy of which is hereby served upon you.

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

I, Joseph Scott Davidson, an attorney, hereby certify that on July 30, 2019, **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY** was filed with the Clerk of the Court of the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system. I have mailed this document by United States Postal Service Certified Mail, postage prepaid to:

Benevolent Caregivers, Inc.
611 Parkway Drive
Wheaton, Illinois 60184

Benevolent Caregivers, Inc.
c/o Poznak Law Firm
2001 Midwest Road
Suite 206
Oak Brook, Illinois 60523

*/s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:17-bk-32391 |
| NORA LYN HRUSKA | Chapter 7 |
| Debtor(s) | Honorable LaShonda A. Hunt |

## DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS
## FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY

NORA LYN HRUSKA (the "Debtor"), through counsel, SULAIMAN LAW GROUP, LTD., pursuant to 11 U.S.C. § 362(k), moves for the imposition of sanctions against BENEVOLENT CAREGIVERS, INC. for the willful violation of the automatic stay, and in support thereof, states as follows:

1.  On August 14, 2017, the Circuit Court of Cook County, Illinois, entered a Judgment in a suit by Benevolent Caregivers, Inc. against Debtor and Debtor's daughter, Megan Sroka, wherein the court granted judgment in favor of Benevolent Caregivers, Inc. and against Debtor and Megan Sroka in the amount of $10,744.20.

2.  On October 30, 2017, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code [Dkt. # 1].

3.  Simultaneously with the voluntary petition for relief, Debtor filed her Schedule E/F: Creditors Who Have Unsecured Claims. *Id.*

4.  Debtor's Schedule E/F listed Benevolent Caregivers, Inc. c/o Poznak Law Firm, 2001 Midwest Road, Suite 206, Oak Brook, Illinois 60523. *Id.*

**Fill in this information to identify your case:**

Debtor 1: Nora Lyn Hruska

Debtor 2 (Spouse if, filing): _____

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

**Part 1: List All of Your PRIORITY Unsecured Claims**

1. Do any creditors have priority unsecured claims against you?
   ■ No. Go to Part 2.
   ☐ Yes.

**Part 2: List All of Your NONPRIORITY Unsecured Claims**

3. Do any creditors have nonpriority unsecured claims against you?
   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.
   ■ Yes.

4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | Total claim |
|---|---|---|
| 4.1 Benevolent Caregivers, Inc. | Last 4 digits of account number 3505 | $10,744.00 |
| Nonpriority Creditor's Name | | |
| c/o Poznak Law Firm | When was the debt incurred? Opened 5/17 | |
| 2001 Midwest Rd., Suite 206 | | |
| Oak Brook, IL 60523 | | |

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify Judgment

5.   Notice by first class mail was sent to Benevolent Caregivers, Inc. c/o Poznak Law Firm by the Bankruptcy Noticing Center on November 2, 2017 [Dkt. # 9].

6.   Pursuant to Judgment, on December 15, 2017, Benevolent Caregivers, Inc. recorded a Memorandum of Judgment entered in Case No. 17M5003505 as Document No. 1734915065 in favor of Benevolent Caregivers, Inc. and against Debtor in the amount of

$10,744.20 with the Cook County Recorder of Deeds thereby imposing a judgment lien against Debtor's residence located at 7303 West 111th Street, Worth, Illinois 60482 (the "Debtor's Property."

7. Benevolent Caregivers, Inc. never sought or received relief from the automatic stay in order to record its memorandum of judgment against Debtor's Property.

8. Section 362 of the Bankruptcy Code governs the automatic stay.

9. Section 362(a) states that "a petition filed under section 301 … of this title ... operates as a stay, applicable to all entities …." 11 U.S.C. § 362(a).

10. The automatic stay was enacted "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *In re Pleasant*, 320 B.R. 889, 893 (Bankr. N.D. Ill. 2004) (quoting *In re Rexene Prods. Co*., 141 B.R. 574, 576 (Bankr. D. Del. 1992)).

11. Debtor claims that Benevolent Caregivers, Inc. violated the automatic stay when it recorded its memorandum of judgment on December 15, 2017.

12. Under 11 U.S.C. § 362(a)(4), a creditor is prohibited from taking "any act to create, perfect, or enforce any lien against property of the estate."

13. The general rule is that acts taken in violation of the automatic stay are deemed void ab initio. *In re Envedi*, 371 B.R. 327, 334 (Bankr. N.D. Ill. 2007).

14. Indeed, the "Notice of Chapter 7 Bankruptcy Case" generated by the Clerk of the Bankruptcy Court on October 31, 2017 shows that on November 2, 2017, Benevolent Caregivers, Inc. was sent notice of the bankruptcy filing via first class mail in care of its attorney, Poznak Law Firm.

15. Poznak Law Firm represented Benevolent Caregivers, Inc. in the state court action and is an experienced practicioner.

16. This notice to Poznak Law Firm, an agent of Benevolent Caregivers, Inc., was sent and received before Benevolent Caregivers, Inc. recorded its memorandum of judgment.

17. The Court can take judicial notice of the case docket and the pleadings and papers filed in this case, including the notice sent to Benevolent Caregivers, Inc. by the Clerk of the Court. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) (a court can take judicial notice of matters of public record); *Frierdich v. Mottaz*, 294 F.3d 864, 870 (7th Cir. 2002) (noting that bankruptcy judge did not err by taking judicial notice of the schedules filed in the bankruptcy case); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (stating that the court can take judicial notice of the contents of court records).

18. Because Benevolent Caregivers, Inc., through its attorney, received notice before it recorded its memorandum of judgment, Benevolent Caregivers, Inc. had actual notice of Debtor's bankruptcy filing when it took such action.

19. Benevolent Caregivers, Inc.'s failure to comply with bankruptcy laws has caused Debtor anxiety, cloud on title, and denial of the opportunity to face a new opportunity in life with a clear field for future effort unfettered by this discharged debt.

WHEREFORE, Debtor requests the following relief:

1. declare Benevolent Caregivers, Inc.'s December 15, 2017 recording of memorandum of judgment void *ab initio*;

2. find that Benevolent Caregivers, Inc. willfully violated the stay when it recorded the memorandum of judgment;

3.  award actual damages, including costs and attorneys' fees, and punitive damages; and

4.  award of such other relief as this Court deems just and proper

Dated: July 30, 2019

Respectfully submitted,

**NORA LYN HRUSKA**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com